## Jane Margaret Dealey et al., Plffs. in Err., *v.* Philadelphia & Reading R. Co.

A railroad company is not liable for the death of an engineer caused by the negligence of a telegraph operator and station agent in the employ of the road; the agent and engineer being coemployees.

(Decided April 12, 1886.)

NOTE.—As to who are fellow servants, see the following editorial notes containing a full presentation of the authorities on their respective subjects: As to what servants are deemed to be in the same common employment, where no questions as to vice principalship arise, note to Sofield v. Guggenheim Smelting Co. 50 L. R. A. 417; doctrine of common employment qualified as to servants working outside scope of employment, note to Olson v. Minneapolis & St. L. R. Co. 48 L. R. A. 805; train despatcher and telegraph operator as fellow servants of trainmen, notes to Little Rock & M. R.

Error to the Common Pleas, No. 4, of Philadelphia County to review a judgment of nonsuit in an action on the case for damages. Affirmed.

The facts upon which the case appears to be decided by the supreme court are stated in the opinion of the court below, ELCOCK, J., in granting a new trial:

James Dealey, the husband of one and the father of the other plaintiff, was an engineer on the road of the defendant. His death was occasioned by the negligence of a telegraph operator at one of the stations on the line, in his failure to notify the conductor of the train of the fact, telegraphed to him from the station ahead, of a freight train being on the main track at the next station, which would require him to slacken speed and cross over the switch to the other track. When the engine operated by Dealey reached the switch, in consequence of its speed, it jumped the track, was overturned, and he was killed.

The main question submitted to the jury was whether the telegraph operator, whose negligence occasioned the accident, was in the same line or circuit of employment constituting them fellow servants.

It is well settled that a servant who is injured by the negligence or misconduct of a fellow servant cannot maintain an action against the master for such injury; and the question now presented is whether, when there is no doubt about the nature of the employment, it is for the court or the jury to say if the employees were fellow servants within the rule.

In Mullan v. Philadelphia & S. Mail S. S. Co. 78 Pa. 25, 21 Am. Rep. 2, and Hass v. Philadelphia & S. Mail S. S. Co. 88 Pa. 269, 32 Am. Rep. 462, the question was left to the jury to find the exact nature of the employment, and if the fellow servant whose negligence occasioned the accident had conferred

Co. v. Barry, 25 L. R. A. 386, and to Sofield v. Guggenheim Smelting Co. 50 L. R. A. 429; when conductor is deemed to be a coservant of other railroad employees, note to Jackson v. Norfolk & W. R. Co. 46 L. R. A. 337; vice principalship considered with reference to the superior rank of a negligent servant, note to Stevens v. Chamberlin, 51 L. R. A. 513; vice principalship as determined with reference to the character of the act which caused the injury, note to Lafayette Bridge Co. v. Olsen, 54 L. R. A. 33; statutory liability of employers for the negligence of employees exercising superintendence, note to Canney v. Walkeine, 58 L. R. A. 33.

upon him such unlimited authority as to make him the representative of the company and liable for his default.

Those cases were followed in submitting the present question to the jury.   They are both what are called close cases, and our supreme court in a later case, Lehigh Valley Coal Co. v. Jones, 86 Pa. 438, while not overruling these cases, qualifies them so far that they cannot have general application; hence, they have determined that, in order that workmen should be fellow servants within the meaning of the rule that a master is not responsible to a servant for an injury caused by his fellow servant, it is not necessary that the workman causing and the workman sustaining the injury should be both engaged in the same particular work.   "It is sufficient if they are in the employment of the same master, engaged in the same common work, and performing duties and services for the same general purposes. The rule is the same, although the one injured may be inferior in grade and is subject to the control and direction of the superior whose act caused the injury, providing they were both co-operating to effect the same common object."

It is clear, therefore, that, if the evidence shows that both servants were seeking to reach the one common object and accomplish the one common purpose, then they are within the rule which exempts the master from liability; and if these facts are undisputed, then the question is one for the determination of the court, and not for the jury.

It was contended on the part of the plaintiffs that the telegraph operator had such unlimited power conferred upon him by the company, as agent, as to except him from the rule of law as to fellow servants; but that evidence simply went to show that, in addition to the duties of telegraphing, he was also in charge of the shipment of freight and various minor occupations incident to the post of station master at a small country railway station.

The inference of such power is unwarranted; for his power and duties were accordingly very narrow and limited, his main duty being the receipt and delivery of messages regarding the running of trains upon the roadway.   He was merely the automaton or communicator to give the information as to the condition of the track ahead of a moving train; a part of the general machinery by which the whole roadway was operated.   He was only one of a number of persons so employed, and upon

whose fidelity the lives of all travelers depend. His other duties did not enlarge his powers in any respect.

The very able argument of the plaintiffs' counsel does not convince us that we should go outside the line of our supreme-court cases; and, while there are many cases which are more direct in their application to the case under consideration than those referred to, yet our duty is but to follow the law as we see it determined by our own courts, which, differing from that of many of our sister states, holds rigidly to the doctrine that the servant assumes the risk of his employment, and that the master does not warrant his safety therein.

Being convinced from the authorities that it was within the power of the court to determine if the employees were fellow servants within the rule, and that consequently the defendant was not liable, a new trial must be granted, and the rule is accordingly made absolute.

At the second trial a compulsory nonsuit was entered by the court. The plaintiffs took this writ, assigning this action of the court as error.

*Frederick Carroll Brewster, Jr.,* for plaintiffs in error.—Full and absolute powers were delegated to the station agent by the company; they alone issued and controlled the orders that turned Dealey from his path. Wherever the master delegates to another the performance of a duty to his servant which the master has impliedly contracted to perform in person, or which rests upon him as an absolute duty, he is liable for the manner in which that duty is performed by the middleman. Wood, Mast. & S. 860; Allen v. New Gas Co. L. R. 1 Ex. Ch. Div. 251; Grizzle v. Frost, 3 Fost. & F. 622; Mann v. Oriental Print Works, 11 R. I. 152; Brickner v. New York C. R. Co. 2 Lans. 506; Mullan v. Philadelphia & S. Mail S. S. Co. 78 Pa. 25, 21 Am. Rep. 2; Siegel v. Schantz, 2 Thomp. & C. 353; Wright v. New York C. R. Co. 28 Barb. 80; Corcoran v. Holbrook, 59 N. Y. 517, 17 Am. Rep. 369; Flike v. Boston & A. R. Co. 53 N. Y. 549, 13 Am. Rep. 545; Laning v. New York C. R. Co. 49 N. Y. 521, 10 Am. Rep. 417; Coombs v. New Bedford Cordage Co. 102 Mass. 572, 3 Am. Rep. 506; Ford v. Fitchburg R. Co. 110 Mass. 240, 14 Am. Rep. 598.

It is true that in Lehigh Valley Coal Co. v. Jones, 86 Pa. 433, fellow servants are defined by Judge MERCUR as those who

are in the employment of the same master, engaged in the same common work, etc.; but he recognizes close association as an important element, and this same element runs through all the other cases in Pennsylvania where the master has not been held liable. Ryan v. Cumberland Valley R. Co. 23 Pa. 384; Caldwell v. Brown, 53 Pa. 454; Weger v. Pennsylvania R. Co. 55 Pa. 461; Delaware & H. Canal Co. v. Carroll, 89 Pa. 374; Pennsylvania & N. Y. Canal & R. Co. v. Mason, 16 W. N. C. 321.

The case of Slater v. Jewett, 85 N. Y. 61, 39 Am. Rep. 627, is similar to the present case in every respect, except that there the orders were received from headquarters; such orders were part of the risk taken by deceased. But Dealey's orders came from the station agent, and such a risk was never in contemplation.

The case of Chicago & N. W. R. Co. v. Moranda, 93 Ill. 302, 34 Am. Rep. 168, is noteworthy for the learned and painstaking history of the law on this subject and the exhaustive collection and treatment of the cases bearing upon it contained in the opinion of the court.

The highest court of our country has lately looked at the question in a logical and humane way. Chicago, M. & St. P. R. Co. v. Ross, 112 U. S. 377, 28 L. ed. 787, 5 Sup. Ct. Rep. 184.

It was there held that the conductor whose negligence caused the accident was not a coservant of the engineer.

The following are cases cited outside of Pennsylvania, in which employers have been held liable for injury to servants caused by negligence of a coservant. Harper v. Indianapolis & St. L. R. Co. 47 Mo. 567, 4 Am. Rep. 353; Lalor v. Chicago, B. & Q. R. Co. 52 Ill. 401, 4 Am. Rep. 616; Flike v. Boston & A. R. Co. 53 N. Y. 549, 13 Am. Rep. 545; Berea Stone Co. v. Kraft, 31 Ohio St. 287, 27 Am. Rep. 510; Booth v. Boston & A. R. Co. 73 N. Y. 38, 29 Am. Rep. 97; Brann v. Chicago, R. I. & P. R. Co. 53 Iowa, 595, 36 Am. Rep. 243, 6 N. W. 5; Chicago & N. W. R. Co. v. Moranda, 93 Ill. 302, 34 Am. Rep. 168; Chicago & N. W. R. Co. v. Jackson, 55 Ill. 492, 8 Am. Rep. 661; Chicago, B. & Q. R. Co. v. Gregory, 58 Ill. 272; Ryan v. Chicago & N. W. R. Co. 60 Ill. 171, 14 Am. Rep. 32; Toledo, P. & W. R. Co. v. Conroy, 61 Ill. 162, and 68 Ill. 560; Chicago & N. W. R. Co. v. Taylor, 69 Ill. 461, 18 Am. Rep.

626; Chicago & N. W. R. Co. v. Williams, 55 Ill. 185, 8 Am. Rep. 641; Illinois C. R. Co. v. Patterson, 69 Ill. 650; Toledo, W. & W. R. Co. v. Fredericks, 71 Ill. 294.

It is a question for the jury whether the death of Dealey was caused by the direct negligence of the defendant itself, or by the negligence of some other person; and if the latter, whether such person was an agent or middleman for whose acts the defendant is liable, or a fellow servant with Dealey. In all the Pennsylvania cases the question has been left to the jury. Ryan v. Cumberland Valley R. Co. 23 Pa. 384; Catawissa R. Co. v. Armstrong, 49 Pa. 186; Lackawanna & B. R. Co. v. Chenewith, 52 Pa. 382, 91 Am. Dec. 168; Caldwell v. Brown, 53 Pa. 454; Weger v. Pennsylvania R. Co. 55 Pa. 461; O'Donnell v. Allegheny Valley R. Co. 59 Pa. 239, 98 Am. Dec. 336; Johnson v. Bruner, 61 Pa. 58, 100 Am. Dec. 613; Baird v. Pettit, 70 Pa. 482; Mullan v. Philadelphia & S. Mail S. S. Co. 78 Pa. 25, 21 Am. Rep. 2; Lehigh Valley Coal Co. v. Jones, 86 Pa. 433; Hass v. Philadelphia & S. Mail S. S. Co. 88 Pa. 269, 32 Am. Rep. 462.

*Thomas Hart, Jr.,* for defendant in error.—Where one employee is injured through the negligence of another employee of the same master, and where there is no dispute of fact as to the position of either, the court, and not the jury, is to determine whether they are fellow servants within the rule. The plaintiffs rely mainly upon Mullan v. Philadelphia & S. Mail S. S. Co. 78 Pa. 25, 21 Am. Rep. 2, and Hass v. Philadelphia & S. Mail S. S. Co. 88 Pa. 269, 32 Am. Rep. 462, in support of a submission to the jury. In the former case there was some evidence that the coemployee was "clothed with the ultimate power and authority of the steamship company."

In our case there is not a scrap of evidence that the station agent was in any such position. Mullan v. Philadelphia & S. Mail S. S. Co. 78 Pa. 25, was referred to in Lehigh Valley Coal Co. v. Jones, 86 Pa. 433, and said to be a close case.

Hass v. Philadelphia & S. Mail S. S. Co. 88 Pa. 269, 32 Am. Rep. 462, does not support the plaintiffs' position. The question there was whether the negligent person was a servant at all, or an independent contractor.

The case of Lehigh Valley Coal Co. v. Jones, 86 Pa. 433, establishes that to make workmen fellow servants they need not

be engaged in the same particular work.   It is sufficient if they are in the employment of the same master, engaged in the same common work, and performing duties and services for the same general purposes.  See also Delaware & H. Canal Co. v. Carroll, 89 Pa. 374; National Tube Works Co. v. Bedell, 96 Pa. 175; Keystone Bridge Co. v. Newberry, 96 Pa. 246; Northern C. R. Co. v. Husson, 101 Pa. 1, 47 Am. Rep. 690; Campbell v. Pennsylvania R. Co. 17 W. N. C. 73.

There are innumerable decisions elsewhere, in which persons have been held by the court to be fellow servants within the rule. See cases cited in 2 Thomp. Neg. 1038.

Even if in a case of this kind the jury is to determine this question, there was not sufficient evidence in this case to go to the jury that Dealey and Bothwell were not fellow servants, and that Bothwell was an officer or agent of the company, for whose acts the defendant is liable to the plaintiffs.

PER CURIAM:

On the undisputed evidence this judgment is clearly right. The negligence was that of a coemployee of the person killed.

It follows that no action therefor can be maintained by the plaintiffs.

Judgment affirmed.